953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alroy Jarvis LAWRENCE, a/k/a Youngblood, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garfield Bancroft HOLLINGSWORTH, a/k/a Garry Brown, a/k/a
Norman Anthony Gayle, a/k/a Luppy, Defendant-Appellant.
 Nos. 91-5635, 91-5636.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Feb. 3, 1992.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-196-G)
 Argued: Danny Thomas Ferguson, Winston-Salem, N.C., for appellants; Michael Francis Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Walter T. Johnson, Jr., Barbee, Johnson & Glenn, Greensboro, N.C., for appellant Hollingsworth; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and GERALD W. HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Alroy J. Lawrence and Garfield B. Hollingsworth were convicted of conspiracy to possess cocaine base with the intent to distribute; Hollingsworth was also convicted of possession of cocaine base with the intent to distribute. 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp.1991). Although Appellants raise numerous allegations of error, the principal argument presented on appeal is that the district court erred in its determination of the amount of cocaine base (crack) for which Appellants should be held accountable for sentencing purposes. Concluding that this finding is not clearly erroneous and that Appellants' remaining assignments of error lack merit, we affirm.
 
 I.
 
 2
 The principal witness for the Government, Wendy Porter, was recruited by Hollingsworth to participate in the conspiracy because she was able to lease automobiles for the transportation of cocaine base from New York City to the Greensboro, North Carolina area for distribution. Hollingsworth and a co-conspirator, Milton Mark Smith, departed for New York City in the first automobile leased by Porter on May 18, 1990. This vehicle was stopped for exceeding the speed limit by a Virginia State Trooper on May 31, 1990. When the trooper determined that neither of the occupants of the vehicle possessed a driver's license, the vehicle was impounded. No evidence was presented concerning the quantity of cocaine base obtained on this trip because Hollingsworth and Smith had concealed the shipment behind the dashboard of the vehicle and were unable to recover it after the automobile was impounded.
 
 
 3
 Appellants, accompanied by Porter, made another trip to New York City commencing June 16, 1990. Porter testified that the piece of cocaine base that Appellants obtained on this trip was eleven inches long and three inches wide. Upon their return to Greensboro, Porter and several other individuals observed Appellants cutting the cocaine base into small pieces and placing them in ten to twelve small baggies, each with an estimated street value of one to two thousand dollars. Porter testified that she later saw Appellants selling these baggies containing the pieces of cocaine base.
 
 
 4
 On June 22, 1990, Porter leased an automobile and drove with Appellants to obtain another shipment. While in New York, Porter observed Lawrence unscrew the glove compartment of the automobile and conceal a package containing cocaine base behind it. Following their return to North Carolina on June 26, Hollingsworth gave Porter a package of cocaine base to hold. Porter smoked almost one-half of this cocaine base during that day and the next. On June 27, 1990, police apprehended Appellants and Porter and recovered 53 grams of cocaine base from Porter's purse.
 
 
 5
 The presentence report recommended that Appellants' offense levels be calculated based on a quantity of cocaine base in excess of 150 grams but not exceeding 500 grams. See United States Sentencing Commission, Guidelines Manual, §§ 1B1.3(a)(2), 2D1.1(a), 2D1.1(c)(5), 2D1.4(a) (Nov. 1990). Appellants objected, arguing that they were in fact responsible for a much smaller amount. The district court independently determined that the proposed finding contained in the presentence report was correct and calculated Appellants' offense levels accordingly.
 
 II.
 
 6
 Appellants contend that the record does not support the decision by the sentencing court that they were accountable for an amount of cocaine base in excess of 150 grams. During oral argument before this court, defense counsel conceded that the evidence presented at trial would sustain a conclusion that Appellants were responsible for 106 grams because Porter testified that the 53 grams recovered from her purse constituted approximately one-half of the package of cocaine base that she had been given by Hollingsworth. Appellants maintain, however, that no testimony was presented about the weight of the cocaine base obtained on the other trips and that the evidence is, therefore, insufficient to support a finding of any greater amount. We disagree.
 
 
 7
 Porter testified about the size of a piece of cocaine base that Appellants brought from New York. Another witness gave a similar estimate of the dimensions of this package. The district court, noting that 1000 grams of cocaine base is approximately the size of a softball, determined that the descriptions of the size and packaging given by Porter and the other witness easily established a quantity of cocaine base in excess of 150 grams.
 
 
 8
 Disputed issues of fact must be resolved by the sentencing court based on the preponderance of the evidence. United States v. UrregoLinares, 879 F.2d 1234 (4th Cir.), cert. denied, 110 S.Ct. 346 (1989). This court may overturn the resolution of the amount of drugs attributable to a defendant only if it is clearly erroneous. United States v. Vinson, 886 F.2d 740, 742 (4th Cir.1989), cert. denied, 110 S.Ct. 878 (1990). We cannot say the sentencing court committed clear error in this instance. Consequently, we affirm.
 
 III.
 
 9
 We find that Appellants' remaining claims are without merit. The district court did not err in refusing to grant Lawrence's motion for continuance, in denying Lawrence's motion for acquittal, or in failing to provide a different supplemental jury instruction in response to a jury question concerning Lawrence. And, the determination by the district court that Hollingsworth was an organizer or a leader is not clearly erroneous.
 
 
 10
 AFFIRMED.